## CUTLER *v.* DAVIDSON.

[No. 12,136.  Filed February 20, 1925.]

TRIAL.—*Oral instruction is reversible error after request for written instructions.*—After a proper and timely request that the instructions be given in writing, it is reversible error for the court to instruct the jury orally, even when the jury is recalled for further instruction.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Action by Thomas I. Davidson against Arthur D. Cutler.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*Charles D. Hunt,* for appellant.
*Martin L. Pigg,* for appellee.

NICHOLS, J.—Action by appellee against appellant for money alleged to have been collected by appellant, as attorney for appellee, and converted to his own use. A trial by jury resulted in a verdict and judgment for appellee.  The only error assigned is the action of the court in overruling appellant's motion for a new trial, under which is presented only the question hereinafter discussed.

It appears by appellant's bill of exceptions that appellant requested the court to charge the jury in writing, which was done.  But later the jury requested further instruction, and it was recalled to the jury box,

whereupon the court, over the objection of appellant, gave the jury further instruction orally, which instruction pertained to the measure of damages which the jury might assess.

By an unbroken line of decisions from *Townsend* v. *Doe* (1847), 8 Blackf. 328, to this date, the rule is well established that when there is a request for instructions in writing, it is reversible error for the court to instruct the jury orally, in whole or in part, except as to the form of the verdict. Appellee has pointed out no exception to this rule, and we find none. We are bound by the authorities, and are compelled to reverse the judgment.

Reversed.